IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,685-02






EX PARTE GEORGE DANIEL LUSTER, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 53755 IN THE 264
TH JUDICIAL DISTRICT COURT


FROM BELL COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated sexual assault and sentenced to forty-five (45) years' imprisonment. The Third
Court of Appeals affirmed his conviction. Luster v. State, No. 03-04-00674-CR (Tex. App.
- Austin, April 7, 2005, pet. ref'd). 

 Applicant contends, inter alia, that counsel rendered ineffective assistance in the
initial proceeding in which the adjudication of guilt was deferred and in the adjudication
proceeding. He also claims that his conviction was obtained in violation of double jeopardy
and due process. Concerning the initial proceeding, Applicant claims that counsel
misrepresented the extent and results of his investigation by telling Applicant that he had
been unable to contact potential alibi witnesses, when in fact counsel had not attempted to
contact such witnesses. Concerning the adjudication proceeding, Applicant claims that
counsel: did not raise Applicant's defense of inability to pay the fees required by the
conditions of supervision or obtain documentation that would have supported this defense;
and did not obtain or present to the court documentation of Applicant's negative drug test
results and his successful completion of treatment programs. Applicant also claims that his
conviction was obtained in violation of double jeopardy and due process because the same
drug test results that were the basis for modifying the conditions of supervision were also the
basis for adjudication and revocation.

 The trial court has entered an order finding that Applicant's claim concerning the
initial proceeding is procedurally barred because it was not raised on direct appeal prior to
adjudication. Additionally, the court finds that Applicant's claims concerning the
adjudication proceeding are without merit. Finally, the court finds that Applicant's claim of
double jeopardy is without merit because sanctions imposed by a probation officer do not
trigger the double jeopardy protections of the constitution if there is a subsequent
adjudication. However, we do not believe that Applicant's first claim is necessarily
procedurally barred, and additional findings are needed to completely resolve the issues
presented. As to the claims described above, Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court shall provide trial counsel in the initial proceeding and the adjudication
proceeding with the opportunity to respond to Applicant's claims of ineffective assistance
of counsel. Additionally, the trial court may order affidavits, depositions, or interrogatories
from the appropriate officials at the Texas Department of Criminal Justice, Parole Division,
the Board of Pardons and Paroles, and any other person having information the trial court
deems relevant to resolving the matter. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04. 

 The trial court shall make findings of fact as to whether counsel in the initial
proceeding misrepresented the extent and results of his investigation, and if so, whether this
conduct constituted deficient performance that resulted in prejudice. The trial court shall
make findings of fact as to whether counsel in the adjudication proceeding failed to raise
Applicant's defense of inability to pay required fees and to obtain and present documentation
that would have supported this defense, and whether counsel failed to obtain and present to
the court documentation of Applicant's negative drug test results and successful completion
of treatment programs. The court shall make findings as to whether such conduct, if any,
constituted deficient performance that resulted in prejudice. Next, the trial court shall make
findings as to whether the conditions of deferred adjudication community supervision in this
case were modified on the basis of the same drug test results that formed the basis for
adjudication in this case. See Ex parte Byrd, 752 S.W.2d 559 (Tex. Crim. App. 1988); see
also Rogers v. State, 640 S.W.2d 248 (Tex. Crim. App. 1982). The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within ninety (90) days of this order. If any continuances
are granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 13, 2006

Do not publish